IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-rj-00021-None-MJW

In Re: Application of HICKS BROADCASTING OF INDIANA, LLC, et al. (Mainstreet Broadcasting Company, Inc.)

    Judgment Debtor,

Related to:

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS, AND PUBLISHERS,

    Defendant/ Judgment Creditor.

---

# RECOMMENDATION ON
# JUDGMENT DEBTOR MAINSTREET BROADCASTING COMPANY, INC.'S MOTION TO QUASH WRIT OF GARNISHMENT CERTIFIED ON SEPTEMBER 3, 2010 (DOCKET NO. 3)

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

    This matter is before the court for a report and recommendation pursuant to D.C.COLO.LCivR 72.1(B)(4)(c).

    Now before the court is the Judgment Debtor Mainstreet Broadcasting Company, Inc.'s Motion to Quash Writ of Garnishment Certified on September 3, 2010 (docket no. 3). The court has reviewed the subject motion, the response (docket no.8), and the reply (docket no.9). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rule of Civil Procedure and case law. The court now

being fully informed makes the following findings of fact, conclusions of law, and recommendation.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on September 15, 2009, a consent judgment was entered in favor of Judgment Creditor American Society of Composer, Authors and Publishers ("ASCAP") and against Judgment Debtor Mainstreet Broadcasting Company, Inc., in the amount of $44,754.60 out of the Untied States District Court for the Southern District of New York in case no. 09–Civ-7759 (DLC). See docket no. 1;

5. That 28 U.S.C. § 1963 states, in pertinent part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in another other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . . .;

6. That on August 30, 2010, Judgment Creditor ASCAP filed a certified copy of the above consent judgment from the United States District Court for the Southern District of New York in the United States District Court for the District of Colorado consistent with 28 U.S.C. § 1963. This consent judgment was filed in this court after the time for appeal had expired, and more than 14 days have passed after the entry of the consent judgment in the New York court on September 15, 2009. Accordingly, the consent judgment is a final judgment. See docket no. 1;

7. That § 13-53-104, C.R.S., does not apply under the facts of this case, but 28 U.S.C. § 1963 does apply to the facts of this case; and

8. That the Judgment Creditor ASCAP has complied with 28 U.S.C. § 1963 and Fed. R. Civ. P. 62 and 69, and therefore the Judgment Debtor Mainstreet Broadcasting Company, Inc.'s Motion to Quash Writ of Garnishment Certified on September 3, 2010 (docket no. 3) should be **DENIED**.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That the Judgment Debtor Mainstreet Broadcasting Company, Inc.'s Motion to Quash Writ of Garnishment Certified on September 3, 2010 (docket no. 3) be **DENIED**; and

2. That each party pay their own attorney fees and costs for the subject motion.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 29th day of September 2010.

BY TH E COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE